STARR vs UNITED STATES.

Opinion delivered September 23, 1903.

1. *Criminal Law—Homicide—Continuance.*

It was not such an abuse of the discretion vested in the court, as to constitute error, for the court to refuse the defendant charged with homicide, a continuance of the trial where one continuance had already been granted on account of the absence of the same testimony.

2. *Criminal Law—Trial—Instructions.*

Where the error alleged is in the court's instructions and it appears that the general charge embodied the law of the case and no specific instructions were requested such assignment of error will not be considered.

3. *Cciminal Law—Objections to Arguments—Record.*

Objections based upon improper argument, of counsel cannot be properly brought into the record, and to the attention of the appellate court by affidavits of opposing counsel; and although improp remarks were made by the attorney for the prosecution, prejudicial to defendant, same will not be considered, unless properly made a part of the record.

4. *Criminal Law—Trial—Presence of Judge Necessary.*

 In a prosecution for homicide, the trial judge was absent from the court-room, but within his chambers and accessible to the call of attorneys, during a portion of the trial. *Held,* that the portion of the trial conducted during such absence was null and void, and such absence of the trial judge constituted a reversible error.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

B. D. Starr was convicted of murder, and appeals. Reversed.

Defendant, appellant here, was convicted of murder without capital punishment, in the United States court for the Southern District of the Indian Territory, on the 10th day of April 1902. Defendant filed his motion in arrest of judgment on April 21, 1902, which motion was overruled by the court, the defendant excepting, and on April 26, 1902, defendant filed his motion for a new trial, which motion is as follows: "The defendant, B. D. Starr, asks the court to grant him a new trial herein for the following reasons, to wit: (1) Because the verdict of the jury was contrary to the law. (2) Because the verdict of the jury was contrary to the evidence. (3) Because the court erred in not admitting certain testimony for the defendant, and did admit over defendant's objection certain testimony for the government. To which exceptions were saved at the time. (Here insert testimony.) (4) Because the court erred in charging the jury to which exceptions were saved at the time. (Here insert charge of the court. ) (5) Because the prosecuting attorney, in his opening argument to the jury, made a reference to and statements about the case of Robert McGee, who had been tried the day before this case was called, in the presence of most of the jurymen that tried this case, saying that in that case the defendant claimed that he (McGee) was 'struck over the head

by the man who was killed, while in truth and in fact the defendant struck the deceased over the head; in that case the defendant lied, in this case the defendant lies, and in every case the defendant lies." And in his closing argument to the jury the prosecuting attorney made this argument: 'Gentlemen of the jury, Congress has passed these laws, and they have provided in cases of circumstantial evidence that, if the testimony is not sufficient to hang a man, then you can bring in a verdict of 'Guilty without capital punishment.' Exceptions were not saved to these remarks at the time because the judge was not in the courtroom at the time, and other damaging statements against the defendant were made by the prosecuting attorney that would not have been made if the judge had been present. The court erred in not being so present. (6) Because the defendant has learned of additional evidence in his favor that he did not know at the time of the trial. This evidence his attorney has learned since the trial of this cause, and had not opportunity to learn anything about the case before trial, as he had only seven hours to prepare the defense herein. (Said testimony is that of J. E. Martin, in which he contradicts the testimony of Chas. Haley, one of—and the main one of—the government's witnesses, upon material statements made upon the stand by said Haley, and said statements as well as impeaching Chas. Haley are very material to defendant's defense, even though it did not impeach Haley, which said testimony is attached to and made a part of this motion, marked "Exhibit A." (Exbibit A omitted.") Judgment and sentence were pronounced by the court on April 26, 1902, whereby defendant was sentenced to the United States Penitentiary at Fort Leavenworth, in the state of Kansas, for the term and period of his natural life, at hard labor. From this judgment and sentence defendant appeals. Prior to the trial the defendant filed his motion for a continuance of the cause, which motion was overruled by the court, the defendant excepting.

*Yerger E. Taylor*, for appellant.

*W. B. Johnson*, U. S. Atty., and *J. E. Humphrey*, Asst. U. S. Atty.

GILL, C. J.   We have examined the record upon the first assignment of error—that the court erred in refusing to grant appellant a continuance—and do not think that the court erred therein, as it was in his discretion, and the appellant had had one continuance on the ground of the absence of this testimony, and we find no error in his refusal to grant the continuance prayed.

The second assignment of error is that the court erred in charging the jury.   We have examined the court's instructions, and there is no doubt but that the instructions as given by the court embody the law as it now exists, and, inasmuch as defendant has not offered any instructions to the court whatever, and only makes the objection that the charge of the court was on general lines and general propositions of law, he is not in a position to complain.   And as to the second assignment of error, the same is not found sufficient to reverse the court.   In other words it is a plain and well-established rule of law that, before a defendant or other person can be heard to complain of any particular instruction of the court, such party must call the attention of the court to the instruction complained of at the time the same was given, and offer to the court, in lieu of such supposed erroneous instruction, what the defendant claims to be correct instruction upon the particular proposition involved. And in this case there was no such attempt on the part of the defendant, and the second assignment of error—that the court erred in its instructions—will not be further considered.

The third assignment of error by the defendant is as follows: "The court erred in absenting himself from the court room during the opening and closing arguments in this cause, during which

time counsel for the government made erroneous statements to the jury of the law, and drew odious comparisons between appellant and other citizens charged with crime." An examination of the record discloses the fact that the trial in this case proceeded up to the point of the motion for a new trial as though the trial judge were present at all and every stage of the trial, and, except for the statement of the trial judge himself found in the record, there would be nothing whatever for this court to review upon that proposition; but in making up the bill of exceptions the trial judge inserted the following language under his signature: "The statement that the trial judge was not in the court room during the argument, while technically true in part, may be misleading. In this case the judge, a portion of the time durin be misleading. In this case the judge, a portion of the time during argument, was in the chambers, and in reach of counsel had they desired to make any objections to argument." By this statement, which is made a part of the record, signed by the trial judge, the fact is brought to the attention of this court on the record that during the argument the trial judge, a portion of the time, was absent from the court room and in his chambers, and, while in reach of counsel, was not present at nor attending the trial, and this brings us to the serious question in this case, how far may a trial proceed without the presence of the judge of the court. There is no court without a judge to preside thereover. There is no trial unless the judge be present and superintends it. And if the honorable trial judge in this case was absent during any portion of this trial, and out of hearing thereof, there could be no trial during his absence, even though he remained in the same building, and accessible to the call of attorneys; and, if a portion of this case was conducted during the absence of the judge, such portion of the case was absolutely null and void, and without authority of law, and cannot stand. Nor will this court undertake to say what occurred was not prejudicial to the defendant, for the court below itself was without know-

ledge as to what occurred during his absence from the trial. We do not think that the matter referred to by the appellant which it is claimed was to his prejudice, namely, the remarks of the United States attorney to the jury, are properly on this record. They certainly cannot be brought here by the affidavit of the attorney for the defendant, and, except for the statement of the trial judge himself, this portion of the objection by the attorney for the defendant would not be heard.

It is our opinion that the authorities universally lay down the rule to the effect, and in substance, that the trial judge must be in attendance upon the trial at all its stages; not merely accessible to the call of attorneys, but his very presence should be in superintendence of the trial. We do not think that the rule is so strict that the trial judge may not vacate his bench, or, for the moment, withdraw from the apartment in which the trial is in progress; but his presence should be felt at all stages of the trial, and the same should be at all stages and at every instant under his control while the same is in progress, and to sustain this view we cite the following cases: Stokes vs State (Ark.) 71 S. W. 248; J. H. Ellerbe vs State of Mississippi (Miss.) 22 South. 950, 41 L. R. A. 569, and cases therein cited.

We have examined the instruction of the learned trial judge in the court below, and do not find such instructions to be erroneous in their statements of the law. We have also examined with much interest and circumspection the evidence in this case, and, without expressing any opinion as to the weight given the evidence by the jury, we are inclined to think that this case should have been retried upon its merits, and, inasmuch as we think the absence of the trial judge from the courtroom during the progress of the trial was prejudicial, and upon that ground alone the case should be reversed and remanded, we shall content ourselves with reversing and remanding the case for a new trial, which is accordingly done.

CLAYTON and RAYMOND, J.J., concur.