### JOE BONITZER v. STATE.

No. A-160.   Opinion Filed November 23, 1910.

**INDICTMENT AND INFORMATION—Duplicity—Distinct Offenses.**
An indictment or information which charges two or more separate and distinct offenses not based upon the same transaction is bad for duplicity, and should be quashed whether said charges are contained in one or more counts.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

The defendant was convicted for violation of the prohibition law and was sentenced to pay a fine of $500.00 and imprisonment in the county jail for six months. Defendant appealed. Reversed.

*E. G. McAdams,* for appellant.—Citing *Wells v. Territory,* 1 Okla. Cr. 469.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. The information in this case contains two counts. The first count charges the defendant with two offenses: First, with having in his possession intoxicating liquors, to wit, beer, with the intent of unlawfully disposing of the same. Second, with selling beer to B. F. McDonald. The second count in the information charges the defendant with having in his possession beer with the intent to sell the same to persons unknown.

The defendant demurred to the information on the ground of duplicity. The court overruled the demurrer of the defendant and required the state to elect the offense upon which the defendant should be put on trial. The state elected to try the defendant for selling beer to B. F. McDonald, to which the defendant objected and reserved an exception. The action of the trial court was doubtless based upon a statement made by this court in the case of *De Graff v. State,* 2 Okla. Cr. 540, which is as follows:

"For the reasons and upon the authorities cited in the Sturgis case, this motion should have been sustained, or the court should

have required the state to elect the count upon which it would proceed to trial, and have set aside the other counts. The trial court overruled the motion to set aside the information and failed to require the state to elect upon which count it would proceed to trial."

An examination of the De Graff case will show that this statement of the court was not necessary to the decision of the case. In fact, this precise question was not presented to the court or argued by counsel in that case. Upon more mature investigation and reflection, we are satisfied that we were mistaken in stating that where an indictment or information charged more than one offense the state could elect the offense for which the defendant could be placed upon trial. We are now satisfied that this can not be done. This is the language of the statute, and we have no right to modify or alter it. See *Colon Cochran v. State* (No. A-268, decided at the present term of court) *infra,* 111 Pac. 974. The purpose of this statute is to force the state to try but one transaction alleged to be criminal at a time. This statute also confers a valuable right upon the defendant. If the state could bring several criminal accusations against the defendant in one information or indictment, based upon more than one transaction, what limit would there be as to the number of transactions, which might be incorporated in one indictment or information, or how would it be possible for the defendant to know as to the particular transaction for which he will be placed upon trial, and how could he prepare his defense? This makes it clear that the requirement of the statute, that but one transaction should be investigated at a time, is based upon reason and justice, and that it confers a valuable right upon the defendant. This is not only our statute law, but it is the very substance of our Constitution itself.

Section 29 of the Bill of Rights, Bunn's Oklahoma Constitution, among other rights secured to a defendant of which the Legislature can not deny him, we find the following:

"He shall be informed of the nature and cause of the accusation against him, and have a copy thereof."

This shows that the Constitution limits the power of the

court in criminal cases to the investigation of but one accusation at a time, and it will not permit an indictment or information to contain more than one such accusation.

We are therefore of the opinion that an information or indictment must charge but one offense, but when the same acts may constitute different offenses and the proof may be uncertain as to which of the two or more offenses the accused may be guilty, the different offenses may be set forth in separate counts in the same indictment or information, and that in such cases, the information or indictment must show upon its face that the separate counts all refer to the one and same transaction. This in effect amounts to but one accusation. Even where it would be permissible to charge different offenses in the same information or indictment upon the ground that they are all based upon one and the same transaction, this must be done in separate counts. In other words, it is a direct violation of the statute under any circumstances to charge two offenses in the same count.

The first count in the information in this case charges two offenses: First, the defendant is charged with having liquor in his possession with the unlawful intent of selling the same. Second, with selling beer to B. F. McDonald. The second count in the information charges the defendant with unlawful possession of beer with the intent to sell the same; this being a repetition of the first accusation in the first count in the information.

For the reasons hereinbefore given, we are of the opinion that the defendant's demurrer to the information, upon the ground of duplicity, should have been sustained. In so far as the question herein involved is concerned, the case of *De Graff v. State* is modified and overruled. For error in not sustaining defendant's demurrer to the information, the judgment of the lower court is reversed and the cause remanded.

DOYLE and RICHARDSON, Judges, concur.