## COLON COCHRAN v. STATE.

No. A-268.    Opinion Filed November 23, 1910.

(111 Pac. 974.)

1.  **INDICTMENT AND INFORMATION—Conviction of Offense Included in Charge—Joinder of Counts—Distinct Offenses—Robbery and Riot.** (a) An indictment or information must charge but one offense; but where the same' acts may constitute different offenses, or where the proof may be uncertain as to which of two or more offenses the accused is guilty, the different offenses may be set forth in separate counts in the indictment, and the accused may be convicted for either offense.

   (b) Where a crime is divided into different degrees, the greater degree charged in an indictment or information includes the lesser degree.

   (c) Where a defendant is indicted for an offense, the jury cannot legally convict the defendant of any other offense unless

the commission of such other offense is necessarily included in that for which the defendant is indicted.

(d) Where the defendant had been indicted for robbery, he cannot be convicted for riot when the indictment contains but one count charging robbery.

(e)  The same indictment or information may contain two counts, one count charging robbery, the other count  charging riot, provided the averments in the indictment or information show that both counts are based upon one and the same transaction; and upon the trial the accused may be convicted of either of these offenses.

2.     APPEAL—Reservation of Grounds of Review—Trial—Retirement of Judge from Courtroom.  (a) A matter assigned as error in a motion for new trial and in the petition in error, but not shown by the case-made to be true, cannot be considered in the appellate court.  Matters occurring in open court in the progress of a trial, of which the judge must have knowledge, cannot be incorporated in the record by affidavits, but must be made a part of the case-made by proper recitals certified to by the trial judge.

(b) If, for any reason, a judge finds it necessary to  retire from the courtroom during the trial of a criminal case, he should order that business shall be suspended during his absence.  The judge, in criminal cases, should have the court under his immediate control every moment of time in which it is open and transacting business.

(Syllabus by the Court.)

*Appeal from District Court, Adair County; John H. Pitchford, Judge.*

Colon Cochran was convicted of riot on a charge of robbery, and he appeals.  Reversed and remanded.

*Williams & Williams,* for plaintiff in error.
*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.  First.  The defendant, after having secured a severance, was tried upon an information in which he was jointly charged with Willie Cochran, Sam Sawney and Nelson Teehee with the crime of conjoint robbery, alleged to have been committed upon Jonas Holt, John Rogers and Jesse Thompson, in Adair County, Oklahoma, on the 27th day of March, 1909.  Upon the trial of this case, among other things the judge instructed the jury that the defendant might be convicted of riot. The jury returned the following verdict to the court:

"We, the jury, drawn, impaneled, and sworn in the above entitled cause, do upon our oaths find the defendant, Colon Cochran, guilty as charged in the information herein of riot.

"J. R. JONES,

"Foreman."

The court sentenced the defendant to five years' imprisonment in the state penitentiary at McAlester. All of these matters are fully set forth in the case-made and transcript of the record.

The first question which presents itself is as to whether or not under our system a conviction for riot can be had upon an information charging robbery. Section 6697, Snyder's Comp. Laws Okla. 1909, is as follows:

"The indictment must be direct and certain as regards: (1) The party charged. (2) The offense charged. (3) The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Section 6699 is as follows:

"The indictment must charge but one offense. But where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offenses may be set forth in different forms or degrees under different counts; and where the offenses may be committed by the use of different means, the means may be alleged in the alternative in the same count."

From these sections it is seen that the indictment or information, with the single exception therein stated, must charge but one offense and must be certain and direct as regards that offense. When a crime is divided into different degrees, the greater degree charged in an indictment or information always includes the lesser. This is the rule under every system of criminal pleading of which we have knowledge, and this rule is recognized by section 6875, Snyder's Comp. Laws Okla. 1909, which section is as follows:

"The jury may find the defendant guilty of any offense the

commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

This section must be construed in connection with section 6699, hereinbefore quoted, which provides that an indictment must charge but one offense. It therefore cannot mean that the jury can convict a defendant of any offense necessarily included in the allegations of the indictment, for a skillful pleader could so shape the allegations of an indictment as to include several separate and distinct offenses in the same count. It will be found upon an analysis of this section that the jury have no power to convict a defendant of any offense unless it is necessarily included in the offense with which he is charged in the information or indictment, or an attempt to commit such offense. If, therefore, the offense of riot is not necessarily included in that of robbery, a defendant, charged only with robbery cannot lawfully be convicted of riot. "Robbery" is defined by our statute to be the wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear. See section 2309, Snyder's Comp. Laws Okla. 1909. Section 2312 is as follows:

"The fear which constitutes robbery may be either: (1) The fear of an unlawful injury, immediate or future, to the person or property of the person robbed or of any relative of his, or member of his family; or (2) the fear of an immediate and unlawful injury to the person or property of any one in the company of the person robbed, at the time of the robbery."

From this it is seen that force is not a necessary element in the crime of robbery. If personal property is wrongfully taken from the possession of another from his person or immediate presence and against his will, through fear of an unlawful injury, immediate or future, to the person or property of the person robbed, or of a relative of his or member of his family, such taking is just as much robbery as though it was committed by actual force. Section 2497 of Snyder's Comp. Laws Okla. 1909 is as follows:

"Any use of force or violence, or any threats to use force

or violence, if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."

From this it is seen that the statutory elements of the crime of riot are the use of force or violence, or threats to use force or violence, accompanied by immediate power of execution. Unless these elements exist, there can be no riot; but robbery may be committed with an entire absence of all of these elements. The offense of robbery may be committed when there was no immediate force used or attempted to be used, through fear of future injury to the person or property of the person robbed, or of any relative of his or member of his family. But this would not be true as to riot. We therefore cannot say that riot is a necessary element of robbery; and, if it is not a necessary element of robbery, neither can it be said that it is necessarily included in robbery. Robbery is divided into three classes, each of which is subject to a different punishment. Robbery in the first is punishable by imprisonment in the state penitentiary for not less than ten years. Robbery in the second degree is punishable by imprisonment in the state penitentiary not exceeding ten years. Conjoint robbery is punishable by imprisonment in the state penitentiary for not less than five and not more than fifty years. See sections 2316, 2317, 2318, Snyder's Comp. Laws Okla. 1909. Under section 2818, Snyder's Comp. Laws Okla. 1909, a person may be convicted for an attempt to commit robbery in either of these degrees.

Under section 6699, Snyder's Comp. Laws Okla. 1909, there can be no impropriety in incorporating a count for riot in an information or indictment for robbery, when the proof renders it uncertain as to which offense was actually committed, and when by proper averments it is made to appear that both counts are based upon the same transaction. *Sturgis v. State,* 2 Okla. Cr. 363, 102 Pac. 57. The offenses of robbery and riot, while separate and distinct, are in many respects so much alike that cases may arise in which it would be uncertain as to which offense had been actually committed. For instance, it is expressly provided in section

2310, Snyder's Comp. Laws Okla. 1909, that, if force or fear is employed as a means of escape, it does not constitute robbery. There is no such exception as this in our statute for riot. In the present case the defendant admitted that he and those acting with him by force and fear did take from the parties named in the information the pistols charged in the information, but claim, in substance, that this was done for the purpose of disarming them and thereby protecting the defendant and those acting with him. On this subject the court charged the jury as follows:

"Gentlemen, this is a very serious charge, and if the proof satisfies your minds beyond a reasonable doubt that this defendant, by the use of intimidation or of force, or putting these parties in fear of danger, and took this property, with the intention of depriving the owner of the use of the same, and you are satisfied of that, beyond a reasonable doubt, then it is your duty to find a verdict of guilty, as charged in the information, of robbery; that is, conjoint robbery. If you believe from the evidence, gentlemen, that the defendant did not take the property for the purpose of depriving the owner of the use thereof, but you believe from the evidence, or there is a reasonable doubt upon your minds that, at the time they took the pistols, it was for disarming the officers, I charge you, gentlemen, that would not be robbery, as contemplated by the law. Now, to constitute robbery, the force or fear must be employed to obtain possession of the property, or to prevent and overcome the resistance of the taking. If employed wholly as a means of escape, it does not constitute robbery. I charge you further, gentlemen, if, after viewing all the evidence, there is a reasonable doubt upon your minds as to whether or not this defendant that is now on trial, at the time of taking these pistols, that he did not intend to deprive the owners of these pistols, but simply for the purpose of disarming the officers, and you find from the evidence they were acting together, and you find from the evidence that the officers were down there for the purpose of apprehending any one, or if they came down there for the purpose of quelling any reported disturbance, and you believe that, from the evidence, beyond a reasonable doubt, Colon Cochran with the other defendants, acting together, and conspiring together for the purpose of resisting the officers, and did resist the officers, or interfered with the officers, and acting together placed

the officers in danger of their lives unless they would surrender their arms, in that case the defendant would be guilty of riot. If you believe from the evidence beyond a reasonable doubt that the defendant, Colon Cochran, and the other defendants acting together, interfered with the officers in the execution of their duty as officers by this intimidation, and getting possession of these pistols, then it would be your duty to return a verdict of guilty against the defendant, Colon Cochran, for riot. I will read you the law on that, gentlemen: 'Any use of force or violence, or any threat to use force or violence, if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot. If the purpose of the riotous assembly was to resist the execution of any statute of this state or of the United States, or to obstruct any public officer in this state or of the United States, in the performance of any legal duty, or in serving or executing any legal process, such person is punishable by imprisonment in the state prison not exceeding ten years and not less than two. If such person carried at the time of such riot, any species of firearms, or other deadly or dangerous weapon, or was disguised, he is punishable by imprisonment in the state prison not exceeding ten years and not less than two.' So, gentlemen, if after viewing all of the evidence, there is no reasonable doubt that the defendants conspired together, and that they used force to deprive them, or interfered with the officers by depriving them of their weapons, in that case it would be your duty to return a verdict of guilty of riot against the defendant. On the other hand, gentlemen, if you, beyond a reasonable doubt, believe the defendant used force or intimidated these parties and robbed them of their pistols, with the intention of depriving the owner thereof, it would be your duty to return a verdict of guilty as charged in the information."

This instruction was responsive to the evidence in the case, and, if the information had contained a count charging the offense of riot, the instruction would have been proper. If the jury had believed the witnesses for the state, the defendant was guilty of robbery. If, on the other hand, they entertained a reasonable doubt as to the purpose of the defendant in taking the pistols, the defendant was guilty of riot. Before the question of riot could be submitted to or passed upon by the jury, under section

6699, Snyder's Comp. Laws Okla. 1909, the information must have contained a separate count charging riot. This is the statute law of the state, and we have no power to change it.

Second. The defendant, in his motion for new trial, alleged the following:

"Because the court left the bench and relinquished control of the trial during its progress for the period of at least ten minutes, that the court was out of the room where the trial was being held, the door was closed and entirely out of the presence, sight and hearing of the jury. That during this temporary absence of the court the trial continued as though the court was presiding."

In support of this ground for a new trial the defendant filed two affidavits. The matter of the absence of the trial judge during the trial is not elsewhere referred to in the record. The question which must first be determined is as to whether or not an alleged error of this character can be presented to this court in this manner. There can be no question that it is proper and necessary to support any ground contained in a motion for a new trial which did not occur in open court by affidavits accompanying the motion for new trial or by oral testimony given upon the hearing of the motion for new trial, so that the judge may be properly informed as to the truth of the matter; and that such affidavits and testimony may be considered by this court in reviewing the decision made by the trial court. But when the facts relied upon as a ground for new trial occurred in open court and are within the personal knowledge of the trial judge, affidavits and oral testimony are unnecessary, for the court is already informed as to such matter. If it is desired to reserve any such questions for the decision of this court, it must be done by a recital in the case-made of the facts as they occurred and duly certified to by the trial judge.

The ground for a new trial here presented involves a charge of misconduct on the part of the trial judge. If it were permissible to file affidavits in support of this ground for a new trial, then the state should be permitted to file counter affidavits if it saw proper. This would force the judge to make a finding upon controverted

questions of fact as to his own misconduct and would result in an unseemly contest in which the judge would be on trial before himself. As we understand it, no one should be permitted, much less forced, to be the judge of his own case. If a trial judge should be guilty of any act of wrongdoing at the trial of a criminal case and then refuse to certify a statement of what occurred, in the case-made, it should be brought to this court by a petition for a writ of mandamus to compel the judge to certify to, in the case-made, a statement of what occurred. If it is permissible to incorporate such questions in the case-made by affidavits, where would the matter end? If one part of the case-made, as to matters. occurring in open court during the progress of the trial, can be incorporated in the record by affidavits, why could not all such matters also be so incorporated in the record? What then would become of the statutory provision that the case-made must be certified to by the trial judge? As to the proper manner of incorporating in the record questions which arise during a trial in open court, in the case of *Turner v. State*, 4 Lea, 209, the Supreme Court of Tennessee said:

"This being a matter occurring in open court, the proper mode to put it in the record would have been to request the judge to insert it over his own signature in the bill of exceptions."

The United States Court of Appeals for Indian Territory, in referring to such grounds for new trial, in the case of *Starr v. United States*, 4 Ind. T. 555, 76 S. W. 107, said:

"They certainly cannot be brought here by the affidavit of the attorney for the defendant."

In the case of *Slaughter v. United States*, 5 Ind. T. 235, 82 S. W. 732, the record contains the following statement:

"Be it further remembered that during the trial of this case, while the Assistant United States District Attorney, Mr. J. E. Humphrey, was making his opening argument for the government to the jury, the presiding judge retired from the courtroom."

Then follows a further recital in the record as to what occurred during the absence of the judge. The writer of this opinion was of counsel for appellant in the Slaughter case. It is true

that through abundant caution affidavits were filed in that case as to the absence of the judge from the courtroom, but the question was carried before the appellate court upon the recitals contained in the bill of exceptions. This case shows how such matters may be incorporated in the record.

The Supreme Court of Oregon, in the case of *State v. Drake,* 11 Or. 399, 4 Pac. 1205, uses the following language:

"Now, it is perfectly clear that the matter alleged in the affidavit of the defendant could, in no way, constitute any part of the record, except through the instrumentality of a bill of exceptions. It is not intended, in such cases, that a party make a statement in writing of what he conceives to be his grievances, and by swearing to it and filing it, and then moving for a new trial, and the court overrules the motion, he has incorporated the matter into the record so as to make it a part thereof and to enable this court to review it. If this can be done, the statement of exceptions provided by the Code, to be settled, signed and allowed by the court before whom the cause was tried, to bring such matter into the record, and lay the foundation for appellate review, becomes a useless and meaningless thing. The whole business may be accomplished without the aid of the court, and untrammeled by its authority. It has always been supposed that the record of a court is made up under the solemn sanction of the court, and to make exceptional matters, occurring during the progress of the trial, a part of that record, it must be so ordered by the court."

In the case of *Saunders v. State* (decided at the present sitting of the court) *infra,* 111 Pac. 965, the question of presenting errors which were alleged to have been committed in open court during the regular trial of the cause by affidavits was passed upon, and we there held that affidavits could not be used for this purpose, but that such alleged errors could only be presented by recitals in the case-made certified to by the trial judge. We know that numerous cases can be found in which such questions have been presented, without question, by affidavits; but for the reasons hereinbefore given we regard this practice as contrary to the philosophy of the law and as being dangerous to the defendants upon trial and to the administration of justice. We therefore hold that errors occurring in open court during the regular trial of the

cause can only be presented for review upon appeal by recitals contained in the case-made, except such as are specifically provided for in section 1, art. 7, p. 326, Sess. Laws 1905. See *Lee Lamm et al. v. State* (decided at the present term of this court), *infra*, 111 Pac. ———. To prevent complaint in the future that judges have absented themselves from the courtroom during the progress of a trial and allowed the trial to proceed during such absence, we will say that, if for any reason a judge finds it necessary to retire from the courtroom, he should order that business shall be suspended during such absence. There is an absolute unanimity among all the appellate courts that in the trial of criminal cases the judge should be present and see and hear all that occurs in open court during the trial. The only difference among the courts with reference to this question is that some states hold that the consent of the defendant cures the error, and others hold that such absence may be harmless error, according to the particular circumstances under which it takes place. We are not, however, disposed to apply the doctrine of consent or of harmless error to this question. The judge should have the court under his control during every moment of time in which it is open and transacting business.

There are a number of other minor questions presented in the brief of counsel for the appellant: but they relate to matters with reference to which no exceptions were reserved upon the trial, and therefore cannot be considered now.

For the error of the court in sustaining a conviction for riot upon an information which contained only one count charging the defendant with robbery, the judgment of the lower court is reversed, and the case is remanded for a new trial.

DOYLE and RICHARDSON, JUDGES, concur.