## FRED TUNNARD v. STATE.

No. A-352. Opinion Filed May 16, 1911.

(115 Pac. 603.)

**INDICTMENT AND INFORMATION—Separate Offenses—Joinder.** Where a transcript shows that an accused was tried upon two separate charges at the same time, and two verdicts rendered, one finding him guilty on the first count and another guilty on the second count, the conviction will be set aside, as accused cannot be charged with two separate offenses in the same indictment.

(Syllabus by the Court.)

*Appeal from Roger Mills County Court; E. E. Tracy, Judge.*

Fred Tunnard was convicted of violating the ·prohibitory law, and appeals. Reversed and remanded.

5 Cr.—34

*J. L. Anderson* and *E. L. Mitchell,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The record in this case is very unsatisfactory and more or less incomplete. A careful examination of the transcript indicates that the plaintiff in error was tried upon two separate charges at the same time, and we would infer that the charges were joined in one indictment by two separate counts. There are two verdicts by the jury, the first of which is as follows:

"We, the jury, impaneled and·sworn to try the issues in the above-entitled cause, do, upon our oaths, find the defendant, Fred Tunnard, guilty as charged in the second count of the information, and fix his punishment at fifty dollars ($50.00) fine and thirty days in the county jail."

The second is as follows:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find the defendant guilty as charged in the first count of the information, and fix his punishment at one hundred dollars ($100.00) fine and thirty days in the county jail."

The judgment of the court is to the effect "that the defendant be fined and imprisoned in the county jail of Roger Mills county, state of Oklahoma, for a period of sixty days and pay a fine to the state of one hundred fifty dollars ($150.00)."

A defendant cannot be tried upon two separate offenses at the same time, and cannot be charged with two separate offenses in the same indictment. The law upon this point is clear. If the county attorney had desired to prosecute the plaintiff in error for unlawfully conveying whisky as provided in the statute, he should have filed an information charging that offense and put him on trial in the regular way. If he desired to prosecute him for having whisky in his possession for ,the purpose of violating the provisions of section 1, art. 3, c. 69, of the Session Laws of 1908, he should have filed an information against him charging

that particular offense. Such a conviction as that disclosed by this record cannot be upheld.

The judgment of the trial court is reversed, and the cause remanded to the county court of Roger Mills county.