### C. E. SMITH v. STATE.

No. A-2766.  Opinion Filed July 28, 1917.

(166 Pac. 753.)

**TRIAL—Instructions—Refusal—Presumption of Innocence.**  Refusal of the trial court to give an instruction on the presumption of the innocence of the accused held to be prejudicial error in this case.

*Appeal from County Court, Garfield County;*
*E. L. Swigert, Judge.*

C. E. Smith was convicted of unlawfully having in his possession certain cider with intent to sell the same, and he appeals.  Reversed.

Plaintiff in error was convicted in the county court of Garfield county for unlawfully having in his possession certain cider with intent to sell the same, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50, and appeals.  Judgment reversed.

*M. C. Garber,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J..  The Assistant Attorney General has filed a brief in this case in which he confesses that the failure and refusal of the trial court to give an instruction

to the effect that the defendant is presumed innocent until the contrary is proved was prejudicially erroneous to this defendant.

We agree with the position taken by the Assistant Attorney General. This was a closely contested case, and such an instruction should have been given, especially after the defendant called the attention of the court thereto, and made a request therefor. For this reason the judgment of the trial court is reversed.

However, the Assistant Attorney General requests that the court in this case decide the question of whether or not it is unlawful in this state to sell cider made from the unadulterated juice of apples, complying with the pure food laws of the United States, and of such a character as not to be subject to a special tax under the internal revenue laws of the United States, if alleged and proved to be intoxicating.

We deem it unnecessary to pass upon that question in this case. Upon an examination of the record we do not find evidence sufficient to sustain the contention that the cider sold by this defendant was intoxicating, nor does the proof establish that the cider sold was that commonly known as "hard cider." Unless the prosecuting attorney shall discover additional evidence to prove beyond a reasonable doubt that the cider sold by this defendant was intoxicating liquor, we advise that the prosecution be dismissed.

DOYLE, P. J., and ARMSTRONG, J., concur.