## WALTER WILLIAMS v. STATE.

No. A-2793.   Opinion Filed May 3, 1919.

(180 Pac. 559.)

1   INDICTMENT AND INFORMATION—Single Offense.  The indictment or information must charge the defendant with but one offense.  In this state, the defendant may not be placed upon trial for two offenses at the same time.

2.   APPEAL AND ERROR—Trial on Two Distinct Offenses—Reversal—Fair and Impartial Trial.  Where it is clear from the information, the evidence, the verdict, and judgment that the defendant was called upon to defend against two separate and distinct offenses charged against him, over his repeated objections and exceptions, this court will not permit a conviction under such circumstances to stand unreversed, for the reason that such a conviction does not afford the defendant that fair and impartial trial according to the forms of law guaranteed to him by the Constitution and statutes of this state.

*Appeal from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Walter Williams was convicted of a felony, and sentenced to serve a term of confinement in the state peni-

tentiary for the term of one year and one day, and he appeals. Reversed and remanded.

*K. C. Roland, George Outcelt,* and *J. L. Emerick,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. Walter Williams was convicted in the district court of Seminole County under an information based on the provisions of section 2336, Revised Laws 1910, and was sentenced to serve a term of one year and one day in the state penitentiary. From this judgment of conviction, he has appealed to this court, and asks that the same be reversed for numerous reasons, among which is that he was compelled to defend himself against two separate and distinct crimes charged in the information, in violation of both his constitutional and statutory rights.

The information charged the defendant with having feloniously assaulted, struck, beat, bruised with force likely to cause death, and also that he shot, shot at, and wounded one M. I. Huddleston with a pistol, with the felonious intent to wrongfully, purposely, unlawfully, and feloniously murder the said M. I. Huddleston.

Section 2336, Revised Laws 1910, provides as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

The defendant interposed a demurrer to the foregoing information based, among other grounds, on the ground that it was duplicitous, in that it charged the defendant with the crime of assault and battery upon the said Huddleston by striking, beating, and wounding the said Huddleston with a pistol with such force as was likely to produce death, and also in that it charged that the defendant shot, shot at, and wounded the said Huddleston with a pistol with the wrongful and felonious intent to murder the said Huddleston. The demurrer was overruled by the court, to which ruling the defendant excepted.

The defendant objected to the introduction of evidence against him on the ground that he was being tried for more than one offense. This motion was also overruled by the court, and the defendants excepted.

It is a well-settled principle of law that the indictment or information must charge the defendant with but one offense. In this state, the defendant may not be placed upon trial for two offenses at the same time. *Bonitzer v. State,* 4 Okla. Cr. 354; 111 Pac. 980; *Tunnard v. State,* 5 Okla. Cr. 529, 115 Pac. 603; *Wells v. Terr.,* 1 Okla. Cr. 469, 98 Pac. 483; *Cochran v. State,* 4 Okla. Cr. 379, 111 Pac. 974.

In this case it cannot be successfully contended that the assault and battery charged in the information and the shooting were but one and the same transaction. The evidence conclusively shows the contrary. If the defendant was guilty of the assault and battery by means of force likely to produce death as charged in the information, the evidence shows that such occurrence took place, if at all, some several minutes before the shooting, and that there was an entire cessation of hostilities between the defend-

ant and the prosecuting witness; that they had been parted and retired to different places, where they remained separated for quite a period of time until the prosecuting witness, together with two other persons, all armed with deadly weapons, returned to the place where the defendant then was, and hostilities were then renewed between the defendant and the prosecuting witness in which the alleged shooting took place.

Evidence of both transactions was permitted to go to the jury, and upon which this conviction is based; the jury returning a verdict in the following form:

"We, the jury, drawn, impaneled and sworn in the above-entitled action, do upon our oaths, find the defendant guilty as charged in the information and request the court to assess the punishment."

It cannot be determined from the form of the verdict whether the jury convicted defendant of the assault and battery with force likely to produce death as charged in the information, or with shooting the prosecuting witness with intent to kill him as charged in the information.

The defendant called the trial court's attention to the fact by a demurrer to the information and by his motion to exclude evidence that it was his belief that the allegations of said information were based upon two separate and distinct transactions. While this fact perhaps was not apparent from the face of the information, it did clearly appear before the trial was concluded that there were two distinct offenses, committed at separate and distinct times alleged in the information. To try the defendant for both of these alleged offenses at one time was clearly in violation of his constitutional and statutory rights:   (1) To be informed of the nature and cause of

the accusation against him (section 20, art. 2, Constitution) ; (2) to have the information to be direct and certain as to the offense charged (section 5739, Revised Laws 1910) ; (3) to have the information charge but one offense (section 5741, Revised Laws 1910). In the case of *Gracy v. State*, 13 Okla. Cr. 643. 166 Pac. 422, this court held that "The defendant may only be required to defend against one offense at a time."

It is clear from the information, the evidence, and the verdict and judgment, that the defendant in this case was called upon to defend against two separate and distinct offenses charged against him; that a conviction under such circumstances does not afford the defendant that fair and impartial trial according to the forms of law guaranteed to him by the Constitution of this state.

The court believes that to permit this conviction to stand under the circumstances would be a clear miscarriage of justice, and would require of defendants charged with crime in this state a burden of defense not contemplated by the lawmakers. Substantial justice requires that this judgment be reversed, and that the cause be remanded for further proceedings in accordance herewith, to the end that the defendant be not accused and tried of more than one offense by the same accusation and at the same time.

For the reasons stated, the judgment is reversed, and the cause remanded.

DOYLE, P. J., and ARMSTRONG, J., concur.