## L. E. ROBERTS v. STATE.

No. A-4867. Opinion Filed Feb. 28, 1925.
(233 Pac. 786.)

(Syllabus.)

1. **Indictment and Information—Duplicity—Charging Two or More Distinct Offenses not Based on Same Transaction.** The indictment or information which charges two or more separate and distinct offenses, not based upon the same transaction, is bad for duplicity.

2. **Same—Conviction of Accused Required to Defend Against Two**

**Distinct Offenses Reversed.** Where it is clear from the information, the evidence, the verdict, and judgment that the defendant was called upon to defend against two separate and distinct offenses charged against him, over his repeated objections and exceptions, this court will not permit a conviction under such circumstances to stand unreversed, for the reason that such a conviction does not afford the defendant that fair and impartial trial according to the forms of law guaranteed to him by the Constitution and statutes of this state.

Appeal from County Court, Bryan County; S. W. Maytubby, Judge.

L. E. Roberts was convicted of transporting intoxicating liquors, and he appeals. Reversed and remanded, with direction.

Phillips & Phillips, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   This appeal is from a judgment of the county court of Bryan county, rendered on the verdict of a jury finding the defendant, L. E. Roberts, guilty of transporting intoxicating liquor and assessing his punishment at 60 days' confinement in the county jail and a fine of $50.

The errors assigned are that the court erred in overruling the defendant's demurrer to the information, erred in instructing the jury, and that the verdict is contrary to law and the evidence.

The charging part of the information is as follows:

"Count 1.   That is to say, the defendant did in said county and state at the date above named, unlawfully, wrongfully, intentionally and knowingly sell intoxicating liquors, to wit, one gallon of whisky, to one Y. C. Wall, contrary," etc.

"Count 2.   That is to say, the said defendant, L. E. Roberts, late of Bryan county, did in Bryan county, Okla., on or about the 12th day of May, 1923, violate the Prohibition Law, by then and there unlawfully, wrongfully, knowingly and intentionally transport and convey intoxicating

liquors, to wit, one gallon of whisky, from a point in Bryan county, unknown to this informant, to a point about one mile northeast of Matoy, Okla., contrary," etc.

Our Procedure Criminal provides:

"The indictment or information must be direct and certain as it regards:

"First. The party charged.

"Second. The offense charged.

"Third. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." Section 2556, Comp. Stats. 1921.

And further provides:

"The indictment or information must charge but one offense; but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count." Section 2558.

The foregoing provisions have been construed in numerous decisions of the court.

In Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57, it was held:

"Selling intoxicating liquor, and shipping or conveying such liquor from one place in the state to another place in the state, are separate and distinct acts, and cannot be joined in the same information or indictment."

In Bonitzer v. State, 4 Okla. Cr. 354, 111 P. 980, it was held:

"An indictment or information which charges two or

more separate and distinct offenses not based upon the same transaction is bad for duplicity, and should be quashed whether said charges are contained in one or more counts."

And see Wells v. Territory, 1 Okla. Cr. 469, 98 P. 483; Cochran v. State, 4 Okla. Cr. 379, 111 P. 974; Tunnard v. State, 5 Okla. Cr. 529, 115 P. 603; Kimbrell v. State, 7 Okla. Cr. 354, 123 P. 1027; Williams v. State, 16 Okla. Cr. 54, 180 P. 559.

The court, among others, gave the following instructions:

"You are instructed that if you find from the evidence beyond a reasonable doubt the defendant guilty of either of those counts, you may return a verdict accordingly.

"The court instructs you if you find the defendant guilty beyond a reasonable doubt not to return a verdict on both counts but on only one count."

On the authority of the foregoing cases, the judgment of the court below must be reversed, and the cause remanded, with direction to sustain the demurrer to the information.

BESSEY, P. J., and EDWARDS, J., concur.