# WALTER E. FICKLE v. STATE.

No. A-6159. Opinion Filed Nov. 2, 1927.
(260 Pac. 513.)

E. B. Arnold and W. A. Woodruff, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Walter E. Fickle, was convicted in the district court of Adair county upon the charge of having committed the detestable and abominable crime against nature by penetration per os, the jury leaving his punishment to be assessed by the court. The court sentenced the defendant to imprisonment in the penitentiary for the term of five years. To reverse the judgment an appeal was perfected by filing in this court on April 5, 1926, petition in error with case-made.

The Attorney General in this case has filed the following confession of error:

"The charging part of the information in this case reads as follows:

" 'That Walter E. Fickle in said county and state, on the day and year aforesaid, did, knowingly, willfully, unlawfully, wrongfully, wickedly, and feloniously commit the detestable and abominable crime against nature with certain persons, to wit, Prince Comfort and Harrold Branchcomb, by then and there wilfully, intentionally, and feloniously accomplishing unnatural sexual copulation with the said Prince Comfort and Harrold Branchcomb by him, the said Walter E. Fickle, then and there, at different times, taking into his mouth the penis of each of the said Prince Comfort and Harrold Branchcomb and sucking same until a seminal emission ensued. * * *'

"The defendant interposed a demurrer to the said information, which demurrer read as follows:

" 'Comes now the defendant, Walter E. Fickle, and demurs to the information on file herein, and the grounds of his objection to the information are as follows to wit:

" 'I. It appears upon the face of the information that more than one offense is charged in the information.

" 'II. It appears upon the face of the information that the facts stated in the information do not constitute a single public offense as defined by the statutes of the state of Oklahoma.'

"The trial court overruled said demurrer, to which action defendant excepted.

"The court will note the information charges the defendant with the commission of two separate acts of sodomy on two different persons at different times. It has been repeatedly held by this court that a defendant may be called upon to defend against only one offense at a time and that the information must be definite and certain as to the offense charged and must charge but one offense. Sections 2556 and 2558, Compiled Oklahoma Statutes 1921; Bonitzer v. State, 4 Okla. Cr. 354,

111 P. 980; Tunnard v. State, 5 Okla. Cr. 529, 115 P. 603; Wells v. Terr., 1 Okla. Cr. 469, 98 P. 483; Cochran v. State, 4 Okla. Cr. 379, 111 P. 974.

"Sodomy is defined by section 1867, Compiled Oklahoma Statutes 1921, as the 'detestable and abominable crime against nature, committed with mankind or with a beast.'

"In the case of Ex parte De Ford, 14 Okla. Cr. 133, 168 P. 58, this court held that such definition included 'copulation between human beings per os as well as per anum.'

"It requires the citation of no authority for the statement that each separate act of copulation constitutes a distinct offense. In this respect the crime does not differ from rape, incest, and other sexual crimes of that nature.

"It follows, therefore, that, where more than one act of copulation is alleged with different subjects at different times in the same count of the indictment or information, the charge is duplicitous. Bonitzer v. State, supra. It was error, therefore, to overrule the demurrer to the information. Bonitzer v. State, supra, and other cases cited.

"This case was prosecuted on the theory that defendant could be tried for and convicted in the same trial for the commission of separate acts of sodomy committed on different individuals at different times. This fact is apparent from the charge, the evidence, the instructions, the verdict and the judgment. Even if the error in overruling the demurrer to the information could have been cured by a subsequent election between the acts of copulation or by a dismissal as to one of such acts, such error was not cured by such procedure in this case.

"From the record the Attorney General is convinced that the trial court erred in overruling the demurrer to the information based upon the ground of duplicity of offenses charged. Furthermore, that the record shows that the defendant was tried and convicted of more than

one offense in the same trial. This is not permissible under our statutes. Williams v. State, 16 Okla. Cr. 54, 180 P. 559; Gracy v. State, 13 Okla. Cr. 643, 166 P. 422; Montour v. State, 11 Okla. Cr. 376, 145 P. 811.

"The Attorney General is of the opinion, therefore, that this judgment should be reversed, and the cause remanded for a new trial, with instructions that the information be amended to charge but one act of sodomy, so that it can be definitely determined that each and every juror concurred in the conclusion of the guilt of this defendant of some particular offense and based their unanimous verdict upon that offense and that alone."

Upon an examination of the record and the questions of law involved, we are convinced that the confession of error is well founded.

For the reasons therein stated, the judgment of the lower court is reversed, and the cause remanded, with direction to sustain the demurrer to the information.

EDWARDS and DAVENPORT, JJ., concur.