# LEM RATCLIFF v. STATE.

No. A-2201. Opinion Filed June 15, 1916.

(158 Pac. 293.)

1.    **OBSTRUCTING JUSTICE.— Indictment — Sufficiency.** An information alleging that the defendant did take property levied upon by a deputy sheriff by virtue of an execution, and in the possession of the agent of said deputy sheriff, "with the wilful intention of obstructing" said deputy sheriff "in the discharge of the duties of his office," is not sufficient to charge a violation of section 2252, Rev. Laws, making it a misdemeanor for one to wilfully delay or obstruct any public officer in the discharge or attempt to discharge any duty of his office. To be sufficient it must be alleged that the defendant knew at the time of the alleged act of obstruction that such property had been levied upon under the execution.

2.    **OBSTRUCTING JUSTICE — Elements of Offense — "Obstruct."** To "obstruct" a public officer means to oppose that officer. It does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution, but that the officer himself shall be obstructed.

3.    **OBSTRUCTING JUSTICE—Elements of Offense—Taking Property Levied On.** Where the evidence merely shows that a deputy sheriff levied on a certain cow and placed it in charge of an agent and a stranger to the writ claiming to own said cow finds the cow running at large upon the highway and takes possession of said cow, such taking did not constitute the offense of obstructing a public officer in the discharge of the duties of his office.

*Appeal from County Court, Alfalfa County;*
*F. M. Gustin, Judge.*

Lem Ratcliff, was convicted of obstructing an officer and appeals. Reversed.

*Titus & Talbot,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Lem Ratcliff, herein referred to as the defendant, was jointly charged with J. C. Fisher, W. H. Kephart and Charles Woolery, Jr., with the offense of obstructing an officer under the statute providing that, "Any person who wilfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor" (Section 2252 Rev. Laws). The case was dismissed as to the other defendants and upon his trial the defendant was convicted and was sentenced to pay a fine of thirty-five dollars. The appeal is from the judgment rendered upon the verdict.

The evidence establishes or tends to establish the following facts: On October 13, 1913, in the justice court before E. D. Ford, justice of the peace for the incorporated town of Aline, Alfalfa county, L. H. Stephens recovered a judgment against W. H. Kephart, in the sum of $77.18, with interest and costs. On November 3, 1913, an abstract of the judgment was filed in the office of the clerk of the District Court of Alfalfa county. On November 13, 1913, the clerk of the District Court issued an execution on said judgment.

John E. Sprague, a deputy sheriff received the execution from L. H. Stephens, and with it a description of three cows supposed to be the property of W. H. Kephart. The deputy sheriff went to the Ratcliff farm about four miles east of Aline and by virtue of said execution levied upon two cows.

Deputy Sheriff Sprague testified that he found these cows. among other cows that he thought belonged to the defendant

Ratcliff, and that he had no information or knowledge concerning the ownership of the cows levied upon, or whether they actually belonged to W. H. Kephart, the execution defendant; that immediately after taking possession of said cows he placed them in the possession of one D. C. Andrews, a few days later Andrews' cows broke out of his pasture and with one of the cows taken by the deputy sheriff under the execution were straying along the public highway when the defendant Ratcliff driving along with a load of wood recognized this cow as one belonging to his wife and took possession of her and after dehorning her placed her in charge of Charles Woolery, Jr., in Woods county. The next day the sheriff took said cow away from said Woolery.

The defendant offered to prove as a part of the cross-examination of the witness John E. Sprague that Mrs. Lillian Ratcliff, wife of the defendant demanded possession of said cows immediately after said levy and that said demand was refused; that said deputy sheriff had knowledge of Mrs. Ratcliff's owner-ship of said cows prior to the time he took them under the execution; that prior to the time that said deputy sheriff took said cows under said execution that he had knowledge that J. S. Fisher had a mortgage covering said cows and that he so claimed them under said mortgage. To this offer of proof the state objected and the court sustained the objection.

Several witnesses for the state testified that they saw the defendant driving a wagon loaded with poles and when passing seven or eight cows running at large on the highway he stopped and hitched his team and drove away a red cow; that the other cows there belonged to Mr. Andrews. The execution was also introduced in evidence. The state rested and the defendant demurred to the evidence "on the ground that the same is insuffi-cient to prove the commission of any offense by the said defendant against the laws of the state of Oklahoma," and for which reason the defendant moved the court to direct the jury to return a verdict of not guilty, which demurrer and motion were overruled and exceptions allowed. Thereupon counsel for the defendant commenced to state what he expected the evidence for the defend-

ant would show.   After numerous objections by the county attorney, all of which were sustained by the court, the jury was excused from the court room.   Thereupon counsel for the defendant made his statement and offered to prove by the defendant himself and five other witnesses, including his wife, that the two cows levied upon by the deputy sheriff, Sprague, were not the property of W. H. Kephart and were the property of Mrs. Lillian Ratcliff, and that the cow in question was raised by Mrs. Ratcliff and was her property and in her possession at the time the levy was made; that at said time the sheriff of Alfalfa county and his deputy, Sprague, had actual knowledge of such ownership.   The state objected for the reason that the defense of ownership was not sufficient to justify the acts of the defendant.   The court sustained the objection and allowed an exception.   The defendant introduced no evidence.

In view of the disposition which we deem it necessary to make of this appeal, we shall consider only two of the twenty-two errors assigned and argued in the brief.

The first error assigned is that the court erred in overruling the demurrer to the information.

After alleging venue, time, issuance of the execution and the levy upon one certain cow, the personal property of W. H. Kephart by John E. Sprague a deputy sheriff of Alfalfa county, and alleging that he placed her in charge of one D. C. Andrews for safe keeping, and that while said cow was still in charge of said Andrews, it is alleged that the defendant took said cow "with the wilful intention of obstructing the said John E. Sprague, deputy sheriff of Alfalfa county, Oklahoma, in the discharge of the duties of his office, contrary to," etc.

It is the contention of counsel for the defendant that there is no sufficient allegation that the defendant at the time of the alleged obstruction knew that an execution had been levied on the cow in question, and that in order to properly charge an offense under the statute it must be alleged that the defendant used

forcible or *quasi* forcible means to secure possession of the cow in question.

We think the defendant's contention is well taken. To constitute an offense under the statute it must be shown that the defendant knew at the time he is charged with obstructing such officer by taking the property in question that the property had been taken by virtue of such execution.

To wilfully do an act implies that it be done by design or with set purpose. One might purposely do an act which would have the effect of obstructing an officer in the performance of his duties, in entire ignorance of the capacity in which such officer was acting.

In the case of *Davis* v. *The State,* 76 Ga. 721, the Supreme Court of Georgia held:

"In the statute making it criminal to knowingly and wilfully obstruct, resist or oppose any sheriff, coroner or other officer of this state, or other person duly authorized, in serving or attempting to serve or execute any lawful process, the word 'obstruct' must be construed with reference to the other words, 'resist or oppose,' which imply force. The crime consists in obstructing, resisting or opposing an officer, not merely in impeding or defeating the execution of the process with which the officer is armed. Therefore, where a sheriff levied on certain oxen, and left them in a field under the care of an agent, and the person claiming to own them, together with another, privately took and carried them to an adjoining county in the absence of the sheriff, this did not constitute the crime of obstructing an officer in the execution of legal process."

We are of opinion that the demurrer to the information should have been sustained, and that the verdict was not sustained by sufficient evidence. A careful examination of the whole case impresses us very strongly with the belief that the controversy involved in this case is one which ought to have been determined by an appropriate civil action, and not by a resort to a criminal prosecution. The judgment of conviction is reversed and the case remanded with direction to sustain the demurrer to the information.

ARMSTRONG and BRETT, JJ., concur.