## WILLIAM KIME *et al.* v. STATE.

No. A-2442.   Opinion Filed October 6, 1917.

(167 Pac. 1159.)

1. **INDICTMENT AND INFORMATION—Duplicity—Demurrer.** An information is bad for duplicity that charges two separate and distinct offenses in one count, and a demurrer thereto should be sustained.

2. **SAME—Repugnant Allegations.** An information containing contradictory and repugnant allegations is bad on demurrer.

3. **CONSPIRACY—Sufficiency of Evidence.** See opinion for evidence **held** insufficient to sustain the conviction.

*Appeal from County Court, Cleveland County;*
*B. F. Wolf, Judge.*

William Kime and F. W. Fischer were convicted of a misdemeanor, and they appeal. Reversed and remanded, with directions to dismiss.

*F. W. Fischer*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiffs in error, William Kime and F. W. Fischer, together with Henry Willmering, H. F. Bennett, and J. Gaylor, were, by information filed in the county court of Cleveland county, charged with entering into a conspiracy. The information charges that they did conspire, agree, and confederate together to cheat and defraud one W. W. Hinkle out of his property, consisting of hay, corn, and oats, which property was grown by the said William Kime, upon land owned by the said Hinkle, during the year 1914, and which property had been levied upon under process of the county court of Cleveland county to

enforce the landlord's lien of the said Hinkle. for rent due from the defendant Kime, and that they "did so conspire for the perversion and obstruction of justice and the due administration of law, and that they did then and there, "well knowing that said property had been levied upon by the sheriff of Cleveland county, and was then and there under and by virtue of said attachment levy in the custody of the said sheriff, and they did then and there cause said property to be taken from the custody of the sheriff of Cleveland county and from the custody of the law," and that they did then and there defraud the said W. W. Hinkle out of said property. The above is the substance of a three-page information.

It appears from the record that the defendant J. Gaylor died before the trial. Upon the trial of the other defendants the jury rendered a verdict acquitting the defendants Henry Willmering and H. L. Bennett, and "find each of the following named defendants guilty: F. W. Fischer, William Kime—and assess their punishment at a fine of $100 each." From the judgment rendered in pursuance of the verdict, the defendants Fischer and Kime appeal.

The evidence shows that on the 4th day of September W. W. Hinkle commenced an action in the county court of Cleveland county against William Kime for the sum of $250, and filed an affidavit for attachment, alleging that said William Kime was a tenant upon his land, and that said indebtedness was for rent of said land. The affidavit, order of attachment, and the return thereto were lost, and were only shown by the recitals of the judgment rendered in said cause some time after the commencement of this prosecution.

L. P. Barber, the complaining witness, testified that as deputy sheriff he went to the farm of W. W. Hinkle, occupied by William Kime, and levied on certain personal property, consisting of straw, corn, and oats in the bin, and had the property appraised by two appraisers, who fixed the value of said property at $60; that he notified Mr. Kime that he attached the above property, but did not take said property in his possession, or post any notice that said property was attached; that he told Mr. Kime he was his agent to look after the property, and gave him permission to feed what stock he had there with it; that he returned in about two weeks, and found that a part of this property had been removed by the defendant J. Gaylor. H. C. Cotteral testified that on the 7th day of September he was at the Hinkle farm, and heard the defendant F. W. Fischer say that he was going to beat Hinkle's case against Mr. Kime. The foregoing is substantially all the testimony adduced by the state.

· The testimony of defendants as witnesses in their own behalf shows that the defendant Kime rented the Hinkle place for the year 1914, paying $300 down and giving his note for $300, due the following November 1st; that he paid $50 and gave Hinkle 135 bushels of oats to be credited on the rent note; that Gaylor and Willmering bought his mowing machine, stalk cutter, lister, disc, his household goods, two or three bushels of corn, about 50 bushels of oats, and some baled straw, and Gaylor took possession of the place; that Willmering and Bennett owned 240 acres of land near the Hinkle place; that F. W. Fischer is a practicing attorney at Oklahoma City, and as such advised Kime that the purported levy of the order of attachment as served by the complaining witness was void, because under the statute it was the duty of the officer exe-

cuting the same to take the property into his custody and hold it subject to the order of the court. It further appears that the defendant Willmering filed an interplea and gave bond in the case of Hinkle v. Kime, claiming said property.

The petition alleges various assignments of error. Those argued in the brief are: Error of the court in overruling the demurrer to the information, and that the verdict is not sustained by the evidence and is contrary to law.

Upon an examination of the record the conclusion of the court is that the judgment in this case cannot be permitted to stand. In the first place, the information is insufficient to charge a conspiracy to cheat and defraud said Hinkle out of said property, because it is alleged that said property was in the possession of the sheriff by virtue of an order of attachment, and that the defendant Kime was the owner of said property. These allegations are contradictory and directly repugnant, and this renders the information fatally defective. It is manifest, also, that the information is bad for duplicity. In attempting to charge a conspiracy, it also charges a violation of section 2252, Rev. Laws 1910, making it a misdemeanor for one to willfully delay or disturb any public officer in the discharge or attempt to discharge any of the duties of his office. See *Ratcliff v. State*, 12 Okla. Cr. 448, 158 Pac. 293. An information should be direct and certain as to the offense charged, so that the defendant may know what he is called upon to answer, and that the court may know how to render a proper judgment thereon. For the reasons stated, the demurrer to the information should have been sustained.

We are clearly of the opinion that the verdict rendered against the defendants is wholly unwarranted. The evidence is insufficient to show the commission of a conspiracy or any other offense, and for this reason the court should have directed a verdict of acquittal. The verdict itself as rendered is not sufficiently certain to enable the court to pronounce judgment.

For the reasons stated, the judgment is reversed, and the case remanded, with directions to dismiss.

ARMSTRONG and MATSON, JJ., concur.