## BENJAMIN KNOFF v. STATE.

No. A-3411—Opinion Filed Oct. 8, 1920.

(192 Pac. 596.)

(Syllabus.)

1. **OBSTRUCTING JUSTICE—Insufficiency of Evidence.** In a prosecution for obstructing an officer, evidence held insufficient to sustain conviction.

2. **SAME—"Obstructing" Public Officer.** To "obstruct" a public officer means to oppose that officer. It does not mean to op-

pose or impede the process with which the officer is armed, or to defeat its execution, but that the officer himself shall be obstructed.

*Appeal from County Court, Carter County; Thos. W. Champion, Judge.*

Benjamin Knoff was convicted of the offense of obstructing an officer, and he appeals. Reversed, and cause remanded, with direction to dismiss.

*Champion & George,* for plaintiff in error.

*The Attorney General* and *E. L. Fulton,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This is an appeal from a judgment of the county court of Carter county, sentencing plaintiff in error to pay a fine of $100 and costs, for the offense of obstructing an officer as defined by the statute, which reads:

"Any person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor." Section 2252, Rev. Laws 1910.

The information, omitting formal parts, is as follows:

"Now comes A. J. Hardy, the duly qualified and acting county attorney in and for Carter county, state of Oklahoma, and gives the county court of Carter county, state of Oklahoma, to know and be informed that Benjamin Knoff did, in Carter county, and in the state of Oklahoma, on or about the twelfth day of October in the year of our Lord one thousand nine hundred and seventeen, and before the presentment hereof, commit the crime of obstructing officer in the manner and form

as follows, towit: He, the said Benjamin Knoff, did then and there unlawfully, willfully, delay and obstruct one C. Sloan, constable of Ardmore township, Carter county, Oklahoma, from levying on a certain amount of cotton that was in the possession of the said Benjamin Knoff, by then and there ordering the said C. Sloan from the premises where said cotton was located, and thereby using rough and insulting language towards the said C. Sloan, thereby preventing and obstructing the said C. Sloan in his official capacity from levying execution on said cotton, which process was issued from Hal M. Cannon's court of Carter county, Oklahoma, and directed to the said Sloan, to levy execution in accordance with the law."

The only witness introduced by the state was C. Sloan, who testified:

"I am a constable for Ardmore township. I had an execution in favor of John Whitley for $35.10, issued out of Cannon's J. P. court, against Benjamin Knoff, who lives 10 miles north of here. I went out there about the 1st of October and had a conversation with him. I again went out there about the 12th of October last year. I walked up to where they were sitting down, eating dinner, and I asked him to pay it. He said 'No;' and I said, 'I will have to attach this cotton.' He got up from where he was eating dinner, and started towards me, and said, 'Get off the place.' He had a knife or something in his hand. I had the execution with me. I told him I had levied on the cotton. The next morning me and Deputy Sheriff Brooks went out there and could not find him; he had hauled the cotton off. He is a German, and talks broken English. I know what he said. I had a pistol. I did not show him the papers. I guess he understood me."

The state rested, and the defendant moved the court to instruct the jury to return a verdict of acquittal, because the evidence is insufficient to sustain a conviction,

which motion was overruled, and exception taken. As a witness in his own behalf the defendant testified:

"He came to collect. I told him I have no money at home. He had no papers. He said, 'I am an officer: give me that money.' I said, 'Got any papers?' He had none. I had money in the house to pay him. He come back the next day and arrested me. I did not have a knife. My wife and children were there, except my boy in the army."

Ed Knoff testified:

"I was there. My father did not offer to hurt him, or do anything to him. He said he was an officer and then he left; my father took the cotton off the next morning and paid him what he owed him."

C. Sloan, in rebuttal, testified:

"The defendant did not pay the judgment the next day. He paid it the second day after that."

At the close of the testimony the defendant renewed his motion for a directed verdict, which was overruled, and exception taken.

We do not deem it necessary to notice the various assignments of error. It is sufficient to say that the testimony in this case is entirely insufficient to sustain the conviction. The testimony of the complaining witness is that he had accomplished the purpose of levying the execution before the defendant told him to "get off the place." Under the allegations of the information, the subsequent removal and sale of the cotton was wholly immaterial. To "obstruct" a public officer means to oppose that officer. It does not mean to oppose or impede the process with which the officer is armed, or to defeat its execution,

but that the officer himself shall be obstructed. *Ratcliff v. State,* 12 Okla. Cr. 448, 158 Pac. 293.

There was no demurrer to the information, although there is no allegation that the defendant knew that the complaining witness was a constable, and as such officer was serving or attempting to serve an execution, and the writ or process or the return thereon was not introduced in evidence. It is obvious that this prosecution was destitute of merit.

Because there is not sufficient evidence to show the commission of the offense attempted to be charged, the judgment is reversed, and the cause remanded, with direction to dismiss.

ARMSTRONG and MATSON, JJ., concur.