**Sandra Lou TRENT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–88–280.**

Court of Criminal Appeals of Oklahoma.

July 24, 1989.

right to have a jury make the requisite findings concerning competency at the time of trial.

James O. Goodwin, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Silas R. Lyman, II, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Sandra Lou Trent, was tried by judge and convicted of Obstructing an Officer (21 O.S.1981, § 540) and Resisting Executive Officer (21 O.S.1981, § 268) in Tulsa County District Court, Case Nos. TR–87–9289 and TR–87–9290, before the Honorable Jesse Harris, Special Judge. The judge set punishment at a twenty-five ($25.00) dollar fine for Count I and two hundred ($200.00) dollar fine and ten (10) days imprisonment for Count II. We affirm.

In the early morning hours of July 5, 1987, Oklahoma Highway Patrol Trooper Jerry Pierce arrested Ladonna Patrick for Driving Under the Influence. Trooper Pierce asked Patrick if appellant, the passenger in the vehicle, could drive. Patrick replied in the negative, stating that appellant did not know how to drive a standard transmission. Appellant told the officer she would call her brother to drive the vehicle and the officer stated he could not allow that and would call a tow truck. Appellant became angry and loud, again stating that her brother would drive the vehicle home. Trooper Pierce advised her that because the vehicle did not belong to her, she did not have the authority to make that decision. He also advised her to leave the scene before he was forced to arrest her. She refused, stating that her brother would drive the car and told Trooper Pierce to "go ahead" and arrest her.

Trooper Pierce then placed appellant under arrest. As he attempted to handcuff her, she began to struggle with him. After placing her in his car, she repeatedly attempted to exit the vehicle and at one point, held her body rigid and refused to enter his car. Trooper radioed for assistance, and was able to place appellant in his car with the help of another officer.

■ As appellant's first assignment of error, she claims the trial court erred in overruling her demurrer. Specifically, she alleges "words alone" are insufficient to support the charge of Obstructing an Officer. *Marsh v. State*, 761 P.2d 915, 916 (Okla.Crim.App.1988) is determinative of this allegation. In *Marsh*, this Court held "there is no requirement that a defendant use physical force against an officer before he may be charged with violating [21 O.S. 1981, § 540]." Physical force is but one way of obstructing an officer. As shown in *Marsh*, words alone may suffice to support a conviction for Obstructing an Officer. Thus, we expressly overrule *Ratcliff v. State*, 12 Okl.Cr. 448, 158 P. 293 (1916), insofar as it is inconsistent with our holding in *Marsh*.

■ After consideration of the evidence presented in the case at bar, we believe there was sufficient evidence to support the trial judge's finding of guilt. *See Spuehler v. State*, 709 P.2d 202, 203 (Okla. Crim.App.1985). Appellant, in a loud and

angry manner, repeatedly frustrated Trooper Pierce's efforts to remove Patrick's vehicle from the road. Even after he explained the reason for calling a tow truck, appellant continued to harass him and hinder the process of removing the vehicle from the road. Her behavior also delayed the officer's attempt to test the blood alcohol level of Patrick within the statutory time. This assignment is without merit.

As her second proposition, appellant alleges that she was justified in resisting arrest. Her argument hinges on the initial assertion that there was insufficient evidence to support the charge of Obstructing an Officer. Because she claims there was insufficient evidence to support the charge and hence, "no offense" for which she would be rightfully arrested, she asserts that she was justified in resisting arrest because no misdemeanor was committed in the officer's presence.

 Although we agree that an individual may resist an unlawful arrest for a misdemeanor not committed in the officer's presence, *State v. Cook*, 663 P.2d 20, 21 (Okla.Crim.App.1983), as we determined in the appellant's first proposition, sufficient evidence was presented to support the charge of Obstructing an Officer. Hence, a misdemeanor was committed in Trooper Pierce's presence and appellant was not justified in her resistance. This assignment is without merit.

For the aforementioned reasons, appellant's judgment and sentences are AFFIRMED.

LANE, V.P.J., and BRETT and LUMPKIN, JJ., concur.