**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 11, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ERIK PAUL CHRISTIAN,

     Defendant - Appellant.

No. 05-5228
(D.C. No. 05-CR-088-001-TCK)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

     Defendant-Appellant Erik Paul Christian pled guilty to transporting child

pornography in interstate commerce, 18 U.S.C. § 2252(a)(1), on a conditional

plea and was sentenced to 70 months and five years supervised release. Pursuant

to the conditional plea, he appeals the district court's denial of his motion to

suppress. On appeal, Mr. Christian argues that the police had insufficient

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

probable cause for his arrest, and thus the evidence discovered during the subsequent search incident to arrest should have been suppressed as fruit of the poisonous tree. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## Background

On April 2, 2005, Tulsa police officers Jonathan Lartigue and Philip Whitehead were on routine patrol when they observed five Native Americans in a bank parking lot. Believing these individuals to be intoxicated, they decided to conduct a pedestrian check. III R. at 51. After instructing the five individuals, four males and one female, to sit on the ground, the officers obtained identification from them. Officer Lartigue went to the patrol car to run a records check. Id. at 6-7. During that time of initial contact, two more officers arrived.

Meanwhile, Mr. Christian walked into the bank parking lot and approached Officer Lartigue, who was in the patrol car. Mr. Christian asked the officer if he could ask a question, id. at 7-8, 9, and the officer told Mr. Christian that he was busy, and would assist him if he "could wait a minute", id. at 9-10. The officer asked Mr. Christian to step away until the officer was through.

Mr. Christian then turned towards the other three officers who were watching the five suspects, and asked Officer Whitehead if he could ask him a question. Officer Whitehead asked Mr. Christian if it was an emergency, and Mr.

Christian said "No." Id. at 62-63. The officer then gestured to an area approximately thirty feet away, and told Mr. Christian that if he would wait over there, they would deal with him when they completed their investigation. Id. at 63. At that point, Mr. Christian became "irate", id. at 38, and raised his voice as "if he[] [was] trying to talk to the other officers" who were a few feet away from Officer Whitehead, and he asked "Are all you fucking cops busy?". I R. Doc 11, at 2.

Officer Whitehead told Mr. Christian that he was obstructing the investigation and he needed to "go over there right now" or he was "fixing to go to jail." III R. at 39. Although Mr. Christian never stepped between the officers and the five suspects, he did step between Officer Whitehead and the two backup officers. Id. at 65. Mr. Christian continued towards Officer Whitehead and the other two back-up officers. Officer Whitehead asked Mr. Christian for identification and Mr. Christian refused. Id. at 39-40. At that point, the officer placed Mr. Christian under arrest for interference with a police officer, in violation of Okla. Stat. Ann. tit. 21, § 540.[1] After the arrest and before transporting him to jail, the officers searched Mr. Christian's backpack for contraband that would not be allowed in jail, and discovered a printed image of

_____

[1] That statute provides that "[e]very person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor."

child pornography, as well as various compact discs (CD-ROMs) which later proved to contain child pornography.

After indictment, Mr. Christian filed a motion to suppress the child pornography because the officers lacked probable cause to arrest him. See I R. Doc. 11. After an evidentiary hearing, the district court denied the motion. III R. 81-82. The district court held that the officers had a reasonable basis for believing that Mr. Christian violated the Oklahoma statute against obstructing or delaying a police officer because he (1) was in an "irate status" and did not obey lawful commands, (2) was warned several times, (3) created a safety issue for the officers, and (4) refused to provide identification. Id.

### Discussion

When reviewing the denial of a motion to suppress, this court examines the totality of circumstances and reviews the evidence in the light most favorable to the government. United States v. Banks, 451 F.3d 721, 727 (10th Cir. 2006). We accept the district court's factual findings unless they are clearly erroneous and we review de novo a district court's determination that a search or seizure is in accordance with the law. Id.

A warrantless arrest is constitutionally valid if the arresting officer had probable cause to make the arrest. Chimel v. California, 395 U.S. 752, 762-63 (1969); United States v. Edwards, 242 F.3d 928, 933-34 (10th Cir. 2001). As we

- 4 -

have explained:

> Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Although it is not necessary that the officer possess knowledge of facts sufficient to establish guilt, mere suspicion is insufficient to establish probable cause . . . . [P]robable cause must be evaluated in light of circumstances as they would have appeared to a prudent, cautious, trained police officer.

Edwards, 242 F.3d at 934 (quoting United States v. Maher, 919 F.2d 1482, 1485-86 (10th Cir. 1990)) (alterations in original).

Viewing the facts in the light most favorable to the government, we agree with the district court that the police had probable cause to arrest Mr. Christian for obstructing an officer. We note that the question before us is not whether he was actually obstructing or interfering (as Mr. Christian frames the issue), but rather whether an objectively reasonable officer could conclude that Mr. Christian was violating the Oklahoma statute. From that officer's perspective and based on the factual findings of the district court, Mr. Christian was becoming increasingly agitated and distracting the officers as they handled another situation where they were outnumbered. The officers repeatedly asked Mr. Christian to move away from the area and warned him that if he did not, he would be placed under arrest. Mr. Christian refused and continued towards the officers. A reasonable officer

could have concluded at that time that Mr. Christian was interfering with their investigation, and as such, the officers had probable cause to arrest him.[2]

The Oklahoma cases that Mr. Christian cites, Aplt. Br. at 6-8, while instructive in the analysis, do not suggest that the officers here did not have probable cause to arrest Mr. Christian for interference. In Knoff v. State, 192 P. 596, 597 (Okla. Crim. App. 1920), the court interpreted "obstructing" as meaning to "oppose" an officer, obstructing the officer himself and not the business the officer is conducting. Here, Officer Whitehead testified that he felt Mr. Christian was distracting him and then, while physically separating Officer Whitehead from his back-up officers, refused several requests, and a subsequent order to leave the area. This could sufficiently delay or obstruct an officer in the performance of his duties. Moreover, in Marsh v. State, 761 P.2d 915, 916 (Okla. Crim. App. 1988) the Oklahoma court held that a person need not use physical force to be obstructing an officer, and in Trent v State, 777 P.2d 401, 402 (Okla. Crim App. 1989), it held that belligerent refusal to leave a scene could obstruct an officer, even absent physical obstruction. We think that in light of these cases and Mr.

---

[2] Mr. Christian's First Amendment rights are not implicated here. It was not Mr. Christian's language that furnished the probable cause for his arrest–rather, it was his refusal to obey the officer's request to leave the immediate area until they concluded their business. That in and of itself furnished sufficient probable cause for the arrest. We also reject Mr. Christian's argument that his refusal to provide identification cannot form the basis for an arrest, see Hiibel v. Sixth Judicial District Court of Nevada, 542 U.S. 177, 188-90 (2004), but again, we note that his refusal to leave the immediate area was sufficient for probable cause.

Christian's actions as a whole, Officer Whitehead reasonably believed he had probable cause to arrest.[3]

Because the officers had probable cause to arrest, we must address whether their subsequent search of Mr. Christian's backpack was constitutionally permissible. "[A] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." New York v. Belton, 453 U.S. 454, 457 (1981). The scope of the search must be limited to the suspect's immediate control. Chimel, 395 U.S. at 763; United States v. Franco, 981 F.2d 470, 472 (10th Cir. 1992). The officer's search of the backpack falls within these limits and was valid under the Fourth Amendment.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3] Again, we note that the issue is not whether Mr. Christian could or would be convicted for violating the Oklahoma statute, but rather whether the officer reasonably believed he was committing the offense.