FILED
United States Court of Appeals
Tenth Circuit

May 5, 2025

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROSALINDA IBARRA, as the
Special Administratrix of the
Estate of Jorge Martinez,
deceased,

     Plaintiff - Appellee,

v.

CHEYENNE LEE; THE BOARD
OF COUNTY COMMISSIONERS
OF THE COUNTY OF ROGERS,

     Defendant - Appellant.

No. 24-5070

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:20-CV-00598-JDR-SH)**

_____

Thomas A. LeBlanc (Matthew B. Free with him on the briefs), Best &
Sharp, Tulsa, Oklahoma, for Defendant-Appellant, Cheyenne Lee.

Dale K. Galipo, Law Offices of Dale K. Galipo, Woodland Hills,
California, (Ken Ray Underwood, Attorney at Law, Tulsa, Oklahoma, with
him on the briefs) for Plaintiff-Appellee.

_____

Before **BACHARACH**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal involves the availability of qualified immunity for the fatal shooting of Mr. Jorge Martinez when he was served with an emergency protective order. In our view, qualified immunity turns on what happened before the shooting:

- The defendant says that he shot to protect himself when Mr. Martinez started fighting, and

- the plaintiff says that the defendant belligerently provoked and beat Mr. Martinez, who tried only to defend himself.

In a prior appeal, we concluded that the jury could reasonably find facts that would have constituted a violation of the Fourth Amendment. But we remanded for the district court to determine whether those findings would have rendered the violation clearly established. The district court answered *yes*; and we do, too.

1. **The shooting spurs litigation, resulting in the denial of summary judgment for Officer Lee.**

The events began in March 2020 when Mr. Martinez's girlfriend obtained an emergency protective order. A short time later, the defendant (Officer Cheyenne Lee) was directed to serve the order.

Officer Lee came to Mr. Martinez's home to serve the order, and a family member said that Mr. Martinez was asleep. When Mr. Martinez was awakened, he responded by telling Officer Lee to leave. The officer then tried to arrest Mr. Martinez and managed to handcuff one hand. The two

men clashed, but the parties disagree on who hit whom. The fighting ended when Officer Lee fatally shot Mr. Martinez.

The administratrix of Mr. Martinez's estate sued under 42 U.S.C. § 1983, claiming that Officer Lee had violated the Fourth Amendment by making the arrest without probable cause and by using excessive force. The district court granted summary judgment to Officer Lee.

In a prior appeal, we reversed, concluding that the district court had failed to credit the plaintiff's version of events. That version of events, we said, would have constituted an unlawful arrest and excessive force. So we remanded for the district court to determine whether this version of events would have entailed a clearly established violation of the Constitution.

The district court answered *yes* and denied summary judgment to Officer Lee on the claims of unlawful arrest and excessive force. This time, Officer Lee appealed.

2.     **We independently consider whether the plaintiff's version of events would have entailed a clearly established violation.**

In this appeal, we conduct de novo review, applying the same standard that governed in district court. *Avant v. Doke*, 104 F.4th 203, 207 (10th Cir. 2024). Under this standard, Officer Lee needed to show a right to judgment as a matter of law and the absence of a genuine dispute as to any material facts. *Id.*

We apply this standard in light of Officer Lee's assertion of qualified immunity, which put the burden on the plaintiff to show that (1) the Constitution had been violated and (2) the violation had been clearly established. *Verdecia v. Adams*, 327 F.3d 1171, 1174 (10th Cir. 2003). As noted above, a panel concluded in the prior appeal that the plaintiff had satisfied the first part of the burden by demonstrating an unlawful arrest and excessive force. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *8–12 (10th Cir. Oct. 20, 2023) (unpublished).

In determining whether these constitutional violations were clearly established, we are generally bound by the district court's conclusions about what a reasonable jury could find. *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012). But we have already determined in the prior appeal what a reasonable jury could find. And on remand, the district court didn't allow the parties to present additional evidence. So the panel's prior opinion creates the law of the case on what a reasonable jury could find based on the same evidence. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (stating that our prior decision establishes the law of the case, which ordinarily governs in a later appeal after a remand).[1]

---

[1]    We previously addressed similar circumstances in *Rife v. Oklahoma Department of Public Safety*, 854 F.3d 637 (10th Cir. 2017). There we reversed a grant of summary judgment, concluding that the plaintiff's version of events had created a constitutional violation. *Id.* at 647. But we remanded for the district court to decide whether the constitutional violation had been clearly established. *Id.* at 653. On remand, the district

Based on the prior panel's conclusions about what a reasonable jury could find, we have jurisdiction over abstract questions of law. *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010). But that jurisdiction doesn't extend to arguments contradicting the prior panel's conclusions. *Henderson v. Glanz*, 813 F.3d 938, 948 (10th Cir. 2015).[2]

3.      **The unlawfulness of the arrest would be clearly established.**

On the claim of an unlawful arrest, we are bound by the prior panel's legal conclusions. Those conclusions include determinations about what the jury could reasonably find. These determinations would entail a clearly established violation of the Constitution.

---

court concluded that the constitutional violation had been clearly established. *Rife v. Okla. Dep't of Pub. Safety*, Case No. 14-CV-333-GKF, 2017 WL 2623868, at *3 (E.D. Okla. June 16, 2017) (unpublished). In a subsequent appeal, we considered ourselves bound by the factual determinations established in the first appeal. *Rife v. Jefferson*, 742 F. App'x 377, 378–79 (10th Cir. 2018) (unpublished).

[2]      As discussed below, Officer Lee does challenge some of the prior panel's conclusions about what a reasonable jury could find. Given these challenges, the plaintiff urges us to dismiss the appeal. But Officer Lee also argues that the plaintiff's version of events wouldn't create a clearly established violation. And we have jurisdiction to consider Officer Lee's arguments based on the prior panel's conclusions about what a reasonable jury could find. *See Flores v. Henderson*, 101 F.4th 1185, 1191 (10th Cir. 2024) (concluding that the appeals court had jurisdiction to decide whether the plaintiff's version of events would entail a clearly established violation of the Constitution).

a. **The plaintiff didn't forfeit or waive her argument that the unlawful arrest had been clearly established.**

In the first appeal, the plaintiff argued that the unlawful arrest had been clearly established. Appellant's Opening Br. at 37–39, *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236 (10th Cir. Oct. 20, 2023). Based on this argument, the prior panel remanded for the district court to decide this issue in the first instance. 2023 WL 6939236, at *12.

Despite this instruction on remand, Officer Lee contends that the plaintiff forfeited or waived an argument that this violation had been clearly established. We reject this contention because the district court explicitly ruled on the issue. *Ibarra v. Lee*, No. 20-CV-598-JDR-SH, 2024 WL 2160782, at *3 (N.D. Okla. May 14, 2024) (unpublished); *see Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 993 (10th Cir. 2019) (no forfeiture when the issue was explicitly decided). So we must decide whether an unlawful arrest would have been clearly established.

b. **We focus primarily on the language in the state statutes.**

Officer Lee argues that the plaintiff hasn't cited an opinion that would have alerted an officer to a constitutional violation. As this argument suggests, we ordinarily focus on the applicability of federal case law. *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010).

But "where the context is an alleged false arrest for a purported state offense, state law is of inevitable importance." *Kaufman v. Higgs*, 697 F.3d

6

1297, 1300 (10th Cir. 2012). So when the unlawful arrest involves state law, the inquiry turns largely on the contours of that law. *See id.* at 1300–01 ("[T]he precise scope of [the right to freedom from arrest without probable cause] uniquely depends on the contours of a state's substantive criminal law in this case because the Defendants claim to have had probable cause based on a state criminal statute."). Given the focus on state criminal law, the statutory language largely guides our inquiry. *See Mglej v. Gardner*, 974 F.3d 1151, 1164 (10th Cir. 2020) (relying on the plain language of state statutes to conclude that the absence of probable cause for an arrest had been clearly established).

### c.    A constitutional violation would be clearly established.

Officer Lee relies on five state statutes:

1.    Threatening a violent act (Okla. Stat. tit. 21 § 1378(B)),

2.    Obstructing an officer (Okla. Stat. tit. 21 § 540),

3.    Violating a protective order (Okla. Stat. tit. 22 § 60.6(A)),

4.    Assaulting and battering a police officer (Okla. Stat. tit. 21 § 649), and

5.    Resisting a peace officer (Okla. Stat. tit. 21 § 268).

For each statute, the prior panel concluded that a reasonable jury could find facts that would foreclose probable cause. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at **9–10 (10th Cir. Oct. 20, 2023) (unpublished). We

7

use those facts to determine whether a mistaken perception of probable cause would have been objectively reasonable.

First, Oklahoma law prohibits threats to commit violent acts "involving or intended to involve serious bodily harm" or death. Okla. Stat. tit. 21 § 1378(B). In considering this law, we concluded that Officer Lee had lacked probable cause, relying on the absence of any threats against Deputy Lee or threatening movements. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *9 (10th Cir. Oct. 20, 2023) (unpublished).

Officer Lee argues that when Mr. Martinez woke up, he waved his arms wildly, cursed, demanded to know what Officer Lee was doing in his home, and ordered him out. But this argument largely contradicts the prior panel's legal conclusion about what a reasonable jury could find. *Id.* There the panel concluded that a jury could reasonably credit the account of Mr. Martinez's sister, who said that Mr. Martinez had just stood in the doorway, pointing without moving his arms or hands in a threatening manner. *Id.*

Given this conclusion about what a jury could reasonably find, an officer would need to consider whether probable cause existed when a man is awakened in his bedroom, doesn't threaten anyone, and stands in his doorway pointing without moving his arms or hands in a threatening manner.

Probable cause would turn on application of these facts to the state statute, which unambiguously requires a threat to commit violence. Okla. Stat. tit. 21 § 1378(B). Applying this statute, the prior panel held that a reasonable jury could find that Mr. Martinez had not threatened to commit violence or made threatening movements. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *9 (10th Cir. Oct. 20, 2023) (unpublished). Given the clarity of the statute and the prior panel opinion, no police officer could have perceived an objectively reasonable basis to arrest Mr. Martinez for threatening a violent act. *See Mglej v. Gardner*, 974 F.3d 1151, 1164 (10th Cir. 2020) (relying on the plain language of state statutes to conclude that the absence of probable cause for an arrest was clearly established); *Cronick v. Pryor*, 99 F.4th 1262, 1269–72 (10th Cir. 2024) (relying solely on the language in an ordinance to conclude that the lack of probable cause was clearly established).

Second, Oklahoma law prohibits individuals from delaying or obstructing a public officer discharging a duty. Okla. Stat. tit. 21 § 540. In the prior opinion, the panel concluded that a jury could reasonably find that Officer Lee had lacked probable cause because the plaintiff's version of events involved

- Officer Lee yelling Mr. Martinez's name,

- Mr. Martinez telling Officer Lee to leave,

9

- Officer Lee reacting by slamming Mr. Martinez against the wall, and

- Officer Lee telling Mr. Martinez that he was under arrest.

*Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *9 (10th Cir. Oct. 20, 2023) (unpublished). Under this version of events, no police officer could harbor an objectively reasonable assessment of probable cause on an obstruction charge.

Officer Lee insists that Mr. Martinez's loud name-calling could have constituted obstruction. But the prior panel credited the plaintiff's version, which stated that Mr. Martinez had done nothing more than to tell Officer Lee to leave. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *9 (10th Cir. Oct. 20, 2023) (unpublished). Under this version of events, a police officer couldn't perceive an objectively reasonable basis to arrest Mr. Martinez for obstructing a public officer in the discharge of a public duty. *See Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003) (stating that "mere argument" doesn't constitute obstruction of a peace officer under Illinois law); *see also Irvin v. Richardson*, 20 F.4th 1199, 1208 (8th Cir. 2021) (concluding that an officer lacked qualified immunity for arresting someone for interfering with an official act when the person walked away after an order to stop).

Granted, in other settings, someone might commit obstruction by loudly defying a lawful command. *See, e.g.*, *Trent v. State*, 777 P.2d 401,

10

402–03 (Okla. Crim. App. 1989) (upholding a conviction for obstruction when the defendant loudly defied an order to leave the scene). But in the prior opinion, the panel credited the plaintiff's version of events, which reflected that Mr. Martinez had simply told Officer Lee to leave. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at \*9 (10th Cir. Oct. 20, 2023) (unpublished). In these circumstances, Officer Lee would have lacked an objectively reasonable basis to believe that he had probable cause to arrest Mr. Martinez on an obstruction charge.

Third, Oklahoma law prohibits violation of an emergency protective order. Okla. Stat. tit. 22 § 60.9(A). Under this law, a violation required notice of the order and a reasonable time to comply. Okla. Stat. tit. 22 § 60.9(A)(3). The prior panel concluded that the plaintiff's version of the facts would not have prevented probable cause under this law, reasoning that a jury could have found that Mr. Martinez had lacked

- notice of the order because Officer Lee hadn't served the protective order or

- a reasonable opportunity to comply with the order.

*Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at \*9 (10th Cir. Oct. 20, 2023) (unpublished). Despite the prior panel's conclusion, Officer Lee argues that Mr. Martinez didn't intend to comply with the order. This argument lacks any support and contradicts the law itself.

11

The argument lacks any support because there's no way to know whether Mr. Martinez would have complied with an order that he never got. Nonetheless, Officer Lee insists that Mr. Martinez had earlier resisted his girlfriend's request to let her get their children. Of course, this insistence goes beyond the plaintiff's version of events or anything that the panel had credited in the prior opinion. But even if Mr. Martinez had resisted his girlfriend's request, there was no protective order at that time.

Moreover, the state criminal statute applies only if an individual is served with a protective order and has a reasonable amount of time to comply. *See* p. 11, above. And the panel's prior opinion credited the plaintiff's version of the facts, which would have made it obvious to Officer Lee that

- he hadn't served the protective order and

- Mr. Martinez had lacked enough time to comply.

*Id.*

After all, the prior panel concluded that a jury could find that Officer Lee had arrested Mr. Martinez without any sign of unwillingness to comply with a protective order. *See Cronick v. Pryor*, 99 F.4th 1262, 1271 (10th Cir. 2024) (concluding that a police officer's unlawful arrest for failure to disperse was clearly established when the ordinance stated that the officer had to deliver an order to disperse and we concluded that a reasonable jury could find no such delivery of the order). With that finding, no police

12

officer could reasonably perceive probable cause to arrest Mr. Martinez for violating a protective order that he hadn't seen.

Fourth, Oklahoma law prohibits individuals from willfully and unlawfully using force or violence against a police officer. Okla. Stat. tit. 21 § 649. Applying this law, the prior panel concluded that a jury could reasonably find that Officer Lee had lacked probable cause because the plaintiff's version of facts reflected no threat or attempt to punch, grab, or assault Officer Lee. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at \*9 (10th Cir. Oct. 20, 2023) (unpublished). Under these facts, a mistaken belief as to probable cause would not have been objectively reasonable.

Officer Lee insists that Mr. Martinez was waving his arms, yelling, and jumping up and down. But in the prior opinion, the panel concluded that a reasonable jury could reject this version of events. *See* p. 8, above. To the contrary, the panel relied on the plaintiff's version of events, which stated that Mr. Martinez hadn't moved his arms or hands in a threatening way, hadn't acted obstructively, hadn't made any threats, and hadn't tried to punch or grab Officer Lee. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at \*9 (10th Cir. Oct. 20, 2023) (unpublished). Under this version of events, no officer could reasonably perceive probable cause to arrest for willful and unlawful force or violence.

Finally, Oklahoma law prohibits the knowing use of force or violence to resist an officer. Okla. Stat. tit. 21 § 268. Applying this law, the prior

13

panel concluded that a jury could reasonably find that Mr. Martinez had merely told Officer Lee to leave. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *10 (10th Cir. Oct. 20, 2023) (unpublished). If Mr. Martinez had merely told Officer Lee to leave, no police officer could reasonably infer probable cause to make an arrest for using force or violence.

Officer Lee argues that Mr. Martinez resisted by trying to avoid the handcuffing. But the panel concluded in the prior opinion that a jury could reasonably find that Mr. Martinez had done nothing more than to tell Officer Lee to leave. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *10 (10th Cir. Oct. 20, 2023) (unpublished). With that finding, a jury could reasonably find that Officer Lee had lacked an objectively reasonable basis to arrest Mr. Martinez before trying to handcuff him. *Id.* And without an objectively reasonable basis for an arrest, Mr. Martinez would have had a right to resist. *See Sandersfield v. State*, 568 P.2d 313, 315 (Okla. Crim. App. 1977) (stating that a person can resist when unlawfully arrested for interfering with a police officer's process). And even if Mr. Martinez had improperly resisted arrest, the prior panel's conclusions would have prevented an objectively reasonable basis to believe that the resistance had involved "force or violence." Okla. Stat. tit. 21 § 268.

* * *

Because no objectively reasonable basis existed to believe that probable cause had existed for any of the five crimes, an unlawful arrest

14

would have been clearly established. So Officer Lee lacked qualified immunity on the claim of unlawful arrest.

**4.     The use of excessive force would be clearly established.**

The panel concluded in the prior opinion that the plaintiff's version of events had reflected not only an unlawful arrest, but also excessive force. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at \*10–12 (10th Cir. Oct. 20, 2023) (unpublished). For the claim of excessive force, the panel reasoned that the jury could reasonably find

- no suspicion of Mr. Martinez for a prior crime,

- no weapon, and

- no threat to Officer Lee.

*Id.* at 12. Without a threat, weapon, or suspected crime, police officers couldn't reasonably believe that the Fourth Amendment would allow them to shoot Mr. Martinez.

We have often held that even before March 2020, the Constitution had clearly prohibited an officer from shooting a suspect who poses no immediate threat. *E.g.*, *Huff v. Reeves*, 996 F.3d 1082, 1084–85, 1090 (10th Cir. 2021) (January 2016); *Reavis v. Frost*, 967 F.3d 978, 982, 995 (10th Cir. 2020) (November 2016); *McCoy v. Meyers*, 887 F.3d 1034, 1038, 1052 (10th Cir. 2018) (March 2011).[3]

---

[3]     Officer Lee points to factual differences in the prior cases. "Because the existence of excessive force is a fact-specific inquiry, however, 'there

Officer Lee contends that Mr. Martinez could have used the handcuffs as a weapon. But the panel concluded in the prior opinion that the jury could reasonably find that Mr. Martinez

- hadn't "fought back" or ma[de] any "hostile motions with the handcuff" and

- "had no weapon."

*Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *11 (10th Cir. Oct. 20, 2023) (unpublished). So we lack jurisdiction to consider Officer Lee's contention. *See* Part 2, above.

Officer Lee also insists that he reasonably perceived a danger to his physical safety "in light of the resisting conduct of [Mr.] Martinez." Appellant's Reply Br. at 22. But the panel concluded in the prior opinion that the jury could reasonably find only "minimal and defensive" actions. *Ibarra v. Lee*, No. 22-5094, 2023 WL 6939236, at *12 (10th Cir. Oct. 2023) (unpublished). Given that conclusion, we lack jurisdiction to consider Officer Lee's reliance on his version of Mr. Martinez's resistance. *See* Part 2, above.

* * *

---

will almost never be a previously published opinion involving exactly the same circumstances.'" *Morris v. Noe*, 672 F.3d 1185, 1197 (10th Cir. 2012) (quoting *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007)).

Under the prior panel's conclusions about what a jury could find, no police officer could have reasonably believed that

- probable cause had existed or

- the Fourth Amendment had permitted the shooting of Mr. Martinez.

So the district court was right to deny summary judgment to Officer Lee on the claims of unlawful arrest and excessive force.

Affirmed.